### THE PILOT.
#### No. 208.

District Court, D. Maine, S. D.
July 12, 1930.

William B. Nulty, Asst. U. S. Atty., of Portland, Me., for the United States.

Nathan W. Thompson and Jacob H. Berman, both of Portland, Me., for respondent.

HALE, District Judge.

This case now comes before the court on a libel against the Pilot, a crude oil boat, for violation of the Act Sept. 7, 1916, § 9, as amended by Act July 15, 1918, § 3, as amended by the Act June 5, 1920, § 18, 41 Stat. 994 (U. S. Code, title 46, § 808 [46 USCA § 808]); namely, for selling the boat to a person not a citizen of the United States without first obtaining the approval of the Ship-ping Board. The portion of the law applicable to this case is as follows: "It shall be unlawful to sell, transfer or mortgage, or, except under regulations prescribed by the board, to charter, any vessel purchased from the board or documented under the laws of the United States to any person not a citizen of the United States, or to put the same under a foreign registry or flag, without first obtaining the board's approval."

The boat was seized on July 24, 1929, by the Coast Guard acting for the collector of customs for the Maine district, at a point about a mile east of the Portland lightship. She was first libeled by the government on a claim that she was subject to forfeiture in that she was a fishing vessel, and was being employed as a carrier of cargo; and that she was therefore subject to a penalty under the statute. The case was tried before me on that issue. I dismissed the libel and ordered a restoration of the vessel. My opinion is found in (D. C.) 36 F.(2d) 250. I found that there was no evidence to prove that there was any commercial transaction or any pay involved between the parties; that there was an uncompleted sale; and the boat was on a trip to be delivered to her purchaser; but there was no completed contract, verbal or written, and that she was stopping at Lubec where the owner was to arrange the papers so that the vessel could proceed to Nova Scotia.

The testimony shows a reference by witnesses to a sale of the boat to a person residing in Nova Scotia, and that the vessel was bound for Yarmouth, Nova Scotia. As one witness puts it: "We were going to Yarmouth. The boat was going down there sold." It appears from the testimony, however, that the owner was taking the boat to the purchaser at Yarmouth; that he was going to Lubec with it to meet the purchaser Deveraux there; that his orders to the skipper were to "go to Lubec with it and meet Deveraux there and to wire me as soon as he got there and I would be up to close the sale for the boat." It appears then that the boat was bound to Yarmouth, but was to stop at Lubec where certain repairs and alterations were to be made; that there was no writing regarding the sale of the boat and no completed sale. There was evidently time at Lubec to obtain permission of the board before the actual sale was effected, and no sale could be completed until an actual delivery of the boat. I think the claimant clearly had an opportunity to get the Board's permission before the boat left American waters.

I see no reason why the old learning does not apply, that the sale of a chattel is completed, under ordinary circumstances, only by delivery; that "actual receipt is necessary to give validity to a parol contract for the sale of chattels." Benjamin on Sales (4th Am. Ed.) 675, and note to same; section 330 and note; Smith Leading Cases, vol. 1, p. 164 (Ed. 1879); Calcutta Co. v. DeMattos, 32 L. J. Q. B. 322. In the above case it was held that, "if by the terms of the contract the seller engaged to deliver the thing sold at a given place, and there be nothing to show that the thing sold was to be in the meantime at the risk of the buyer, the contract is not fulfilled by the seller unless he delivers it accordingly." Page 342, Benjamin on Sales (4th Am. Ed.). It seems to me clear that the purchaser could not have proceeded against the buyer for breach of contract if there had been a failure to deliver the boat. Smith Leading Cases, supra. Hapgood v. Shaw, 105 Mass. 276.

After full examination of the testimony in the case I am constrained to find that, although I have in my opinion referred to Deveraux as the "purchaser," I must find that there was no completed sale within the meaning of the statute.

The learned counsel for the boat claims also that the act in question was intended to apply only to vessels purchased from the board, or, if not applying to vessels purchased from the board, that it applies to merchant vessels only. I prefer, however, to decide the case upon the plain question of fact involved in the record, and I am constrained to find that the government has not met the burden of proving affirmatively that there was completed sale and transfer within the meaning of the act.

A decree may be drawn dismissing the libel and ordering restoration of the boat to her owner.